E. Vincent Wood (Bar No. 297132)
Shepherd & Wood LLP
2950 Buskirk Avenue, Suite 300
Walnut Creek, CA 94597
Tel. (925) 278-6680
Fax. (925) 955-1655

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>Melissa Wilkerson,<br><br>　　　　　Debtor | Bankruptcy Case No. 25-40564 CN<br><br>Chapter 13<br><br>**Ex Parte Application Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Order Directing Production of Documents by NBS Default Services, LLC** |

**TO: THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE:**

Melissa Wilkerson ("Debtor") hereby submits this Ex Parte Application Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Order Directing NBS Default Services, LLC to Produce Documents for Examination. This Application is supported by the accompanying Declaration of Counsel and Exhibit A.

Upon information and belief, NBS Default Services LLC is the foreclosure trustee that is handling the foreclosure of Debtor's property. Debtor filed this bankruptcy case to stop the foreclosure sale and to cure the arrears through a Chapter 13 plan. The initial foreclosure auction began on April 1, 2025, at 9:00 a.m. and was purportedly completed at 9:14 a.m. This bankruptcy case was filed very close in time to the purported completion of the foreclosure auction on April 1, 2025. Furthermore, the trustee sale should not be deemed final by law until at least 15 days later on April 16, 2025, at 5:00 p.m., pursuant to Cal. Civil Code §2924m. The foreclosure sale may also

-1-

not be deemed final until 45 days after the initial opening of the auction depending on certain facts.

Debtor seeks this examination to determine whether this case was filed prior to the purported completion of the foreclosure auction, whether the sale was properly halted due to the automatic stay, and whether any additional actions are necessary.

**1. DOCUMENTS REQUESTED**

**DEFINITIONS**

1. "DOCUMENT" shall have the same definition as found for "writings" in the Federal Rules of Evidence 1001.

2. "YOU" and "YOUR" shall mean NBS Default Services, LLC, or its agents, representatives, successors or assigns.

3. "DEBTOR" shall mean Melissa Wilkerson.

4. "RELATED TO" shall mean related to, referring to, concerning, or constituting.

5. "SUBJECT PROPERTY" shall mean the property located at 1933 Grass Mountain Court, Antioch, CA 94531.

6. Wherever used herein, the singular shall include the plural and the plural shall include the singular.

7. Wherever used herein, "any" shall include "all," and vice-versa.

8. Wherever used herein "or" shall include "and," and vice-versa.

**DOCUMENTS TO BE PRODUCED**

1. All DOCUMENTS related to the foreclosure of the SUBJECT PROPERTY.

2. All bid slips RELATED TO the foreclosure of the SUBJECT PROPERTY.

3. All DOCUMENTS evidencing bids RELATED TO the foreclosure of the SUBJECT PROPERTY.

4. All notices of intent to bid pursuant to Cal. Civil Code §2924m RELATED TO the foreclosure of the SUBJECT PROPERTY.

-2-

5. All DOCUMENTS identifying the high bidders RELATED TO the foreclosure of the SUBJECT PROPERTY.

6. All DOCUMENTS and communications submitted to YOU at any time by the high bidder at the auction of the SUBJECT PROPERTY.

7. All affidavits of eligible bidders RELATED TO the foreclosure of the SUBJECT PROPERTY, including affidavits of prospective owner occupants.

8. All trustee's deeds upon sale RELATED TO the foreclosure of the SUBJECT PROPERTY.

9. All communications RELATED TO the foreclosure of the SUBJECT PROPERTY, which shall include but is not limited to all emails, texts and letters with bidders, auctioneers, eligible bidders under C.C.C.§2924m and any other agents, officers, employees, or any other third party.

10. All DOCUMENTS evidencing the list of properties auctioned at the foreclosure sale of the SUBJECT PROPERTY on April 1, 2025.

11. All DOCUMENTS identifying any and all bidders that appeared or made bids on any property at the same auction that occurred on April 1, 2025.

12. All DOCUMENTS identifying the auctioneer(s) or persons who conducted the auction, and all agents or employees of the auctioneer, and all DOCUMENTS with the contact information for each of those persons.

13. All DOCUMENTS identifying YOUR employees or agents at the auction of the SUBJECT PROPERTY, and all DOCUMENTS with the contact information for each of those persons.

14. For the person or entity that submitted the highest bid on the SUBJECT PROPERTY at the auction on April 1, 2025, produce all DOCUMENTS identifying any bids placed or high bids or bid slips or auctions won by the person or entity, and any affidavits submitted by that person or entity related to those bids, in the 12 months preceding the auction on April 1, 2025.

15. All trustee's deeds upon sale issued by YOU in the 12 months preceding the auction on April 1, 2025, to the person or entity that was the high bidder at the auction of the SUBJECT PROPERTY.

16. Copies of all checks submitted to YOU by the high bidder at the foreclosure sale of the SUBJECT PROPERTY.

17. All DOCUMENTS showing the source of funds to purchase the SUBJECT PROPERTY at the foreclosure auction on April 1, 2025.

18. All DOCUMENTS demonstrating YOUR compliance with C.C.C.§2924m RELATED TO the foreclosure of the SUBJECT PROPERTY.

19. All DOCUMENTS identifying the contact information of all entities or persons that submitted notices of intent to bid RELATED TO the foreclosure of the SUBJECT PROPERTY.

20. All DOCUMENTS evidencing the time at which the foreclosure sale was conducted on April 1, 2025, RELATED TO the SUBJECT PROPERTY, including but not limited to auction logs, sale time recordings, auctioneer declarations, bidder registration logs, internal timekeeping records, and any electronic or physical documentation reflecting the precise time the auction commenced, paused, resumed, or concluded.

## 2. **LEGAL STANDARD**

Bankruptcy Rule 2004 provides that "On motion of any party in interest, the court may order the examination of any entity. […] The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." B.R. 2004 (a), (b).

Bankruptcy Local Rule 2004-1 provides that "The Clerk may issue on behalf of the Court, ex parte and without notice, orders granting applications for examination of any entity pursuant to Bankruptcy Rule 2004(a)."

The correct legal standard is that the Court need only determine whether the requested examination matters are within the scope of a Rule 2004 examination, which is whether the information sought relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor." B.R. 2004 (a), (b). "The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can "legitimately be in the nature of a 'fishing expedition.'"

*In re W & S Invs.*, No. 91-35830, 1993 U.S. App. LEXIS 2231, at *6 (9th Cir. Jan. 28, 1993).

3. **ARGUMENT**

The information requested is within the scope of Rule 2004 because it relates to the foreclosure of Debtor's main asset and main liability and affects Debtor's ability to cure arrears through the Chapter 13 plan. The bankruptcy case was filed before the auction was completed, and possibly before it commenced, but it is unclear whether the foreclosure trustee properly halted the sale or if Debtor will need to take further action. Additionally, there may be factual questions that affect the date the sale became final under California Law pursuant to Cal. Civil Code §2924m and it is critical to obtain this evidence to determine when the sale will be deemed final under the law.

WHEREFORE, Debtor requests that the Court issue an order that NBS Default Services, LLC produce the documents set forth above by delivering them to Shepherd & Wood LLP by email to general@shepwoodlaw.com, or by mail to 2950 Buskirk Avenue, Ste #300, Walnut Creek, CA 94597, on or before April 24, 2025, at 5:00 p.m., or within 7 days of entry of the order on the examination. The parties are already in contact with each other.

This application will be served by certified mail on NBS Default Services, LLC, and Debtor will serve the Order Granting the Application on NBS Default Services, LLC. along with a subpoena upon entry of the order.

Date: April 15, 2025

/s/ E. Vincent Wood
E. Vincent Wood
Attorney for Debtor