WEDGEWOOD
Office of the General Counsel
BRANDON TROUT (SBN 348668)
btrout@wedgewood-inc.com
ELAINE SOONG (SBN 285318)
esoong@wedgewood-inc.com
2015 Manhattan Beach Blvd., Suite 100
Redondo Beach, CA 90278
Telephone:    (310) 640-3070
Facsimile:    (310) 640-3090

Attorneys for Good Neighbor Homes, LLC

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>MELISSA WILKERSON,<br><br>                              Debtor. | CASE NO.    25-40564<br><br>Chapter 13<br><br>**GOOD NEIGHBOR HOMES, LLC'S OPPOSITION TO DEBTOR'S MOTION FOR DAMAGES FOR VIOLATION OF THE AUROMATIC STAY; DECLARATION OF OLIVIA REYES**<br><br>Judge:    The Hon. Charles Novack |

Good Neighbor Homes, LLC ("Neighbor") hereby opposes Debtor Melissa Wilkerson's Motion for Damages for Violation of the Automatic Stay under 11 U.S.C. §362(a).

Neighbor was simply a bidder at the foreclosure auction of the Property. Neighbor never received a Trustee's Deed Upon Sale to the Property and has not taken any post-petition actions in violation of the stay. Rather, Neighbor consented to the rescission of the foreclosure sale and the return of its purchase funds due to the pending bankruptcy action.

At the time of the sale, Neighbor had no knowledge or notice of any bankruptcy case filed by debtor.

# DECLARATION OF OLIVIA REYES IN SUPPORT OF GOOD NEIGHBOR HOMES, LLC'S OPPOSITION TO MOTION FOR DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY

I, Olivia Reyes, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Good Neighbor Homes, LLC's ("Neighbor") interest in the real property that is the subject of the above Motion in my capacity as an asset manager for Neighbor.

2. I am an asset manager and custodian of records of Neighbor as that pertains to the Property (defined below). I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Neighbor. These books, records and files were made at or about the times of the events recorded, and are maintained in the ordinary course of Neighbor's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Neighbor by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records of Neighbor applicable to the Property are available for inspection and copies can be submitted to the Court if required.

3. The Property at issue is generally described as 1933 Grass Mountain Court, Antioch, CA 94531 (the "Property").

4. Neighbor was the successful bidder at foreclosure auction of the Property conducted on April 1, 2025.

5. On May 19, 2025, Neighbor was informed that a bankruptcy had been filed by Mr. Wilkerson after the foreclosure sale was called.

6. On May 21, 2025, Neighbor consented to rescission of the trustee's sale and Neighbor communicated its consent to rescission to Wright Finlay & Zak ("WFZ") on May 21, 2025.

7. Neighbor received notice of the Motion for Damages due to violation of the automatic stay on May 28, 2025.

8. On May 30, 2025, WFZ confirmed to Neighbor the sale would be rescinded and Neighbor's funds would be returned.

9. On June 3, 2025, WFZ confirmed a check to refund Neighbor's funds had been requested.

10. On June 4, 2025, WFZ sent tracking information for the return of Neighbor's funds, confirming the bid and foreclosure had been cancelled.

11. On June 5, 2025, Neighbor received the check from WFZ and deposited the check.

12. Neighbor never received a Trustee's Deed Upon Sale and never recorded a Trustee's Deed Upon Sale from the foreclosure sale.

13. Neighbor did not take any actions post-petition that would violate the automatic stay. Rather, upon learning of the bankruptcy on May 19, 2025, Neighbor determined to consent to the rescission of the foreclosure auction and the return of its purchase funds.

14. Neighbor disclaims any right, title, or interest in the Property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 26th day of June 2025 in Redondo Beach, California.

*/s/ Olivia Reyes*
Olivia Reyes

# MEMORANDUM OF POINTS & AUTHORITIES

## INTRODUCTION

Debtor's only allegations against Neighbor are that it recorded a Trustee's Deed Upon Sale from the foreclosure sale of the Property. However, Neighbor was never issued and never received a TDUS, and consequently, never recorded a TDUS for the Property. Debtor offers no evidence to the contrary, because none exists.

Neighbor was the highest bidder at the foreclosure sale for the Property that was held pre-petition on April 1, 2025. Neighbor was not the lender, servicer, or trustee, and did not take any post-petition actions with regard to the Property. Rather, after learning that debtor had filed the instant bankruptcy petition, Neighbor agreed to rescission of the trustee's sale and return of its purchase funds. Neighbor never received a TDUS and thus never recorded a TDUS.

## Legal Standard

A violation of the stay is willful if a creditor acts intentionally with knowledge of a bankruptcy stay. It requires the creditor know of the automatic stay and that the creditor's actions which violated the stay were intentional. Herbert v. US, IRS (In re Herbert), No CC-96-1979-HOHi, 1998 Bankr. LEXIS 617, at *8, 81 A.F.T.R.2d (RIA) 1998-2105 (B.A.P. 9th Cr., May 19, 1998).

§ 362(a)(3) only prohibits an affirmative "act" to take possession of or exercise control over property of the bankruptcy estate. In re Stephens (Bankr. C.D. Cal. 2024) 661 B.R. 948, 950. The foreclosure sale can become final without any such "act" violating the stay. Id.

## Argument

Here, Neighbor did not take any intentional actions after it learned about the bankruptcy stay on May 21. (Dec of Olivia Reyes) Neighbor did not conduct the foreclosure sale or engage in any collections actions against Debtor. Rather, as shown by the declaration of Ms. Reyes, Neighbor consented to the termination and rescission of the foreclosure auction and the return of its purchase funds. Neighbor was not required to do so, as the finalization of the sale post-petition could happen automatically without violating the stay.

The Court in In re Stephens analogized a similar claim for stay violation and determined that a pre-petition sale could be finalized post-petition without violating the stay: "Purchaser's prepetition

bid simply turned out post petition to be the last and highest bid. That had the effect of making the sale final, but not by any "act" of Purchaser or anyone else. Therefore, Debtor has not shown that the automatic stay prevented the foreclosure sale to Purchaser from becoming "final" under the California foreclosure statutes." In re Stephens (Bankr. C.D. Cal. 2024) 661 B.R. 948, 953. The Court noted that, at the end of the live auction, debtor's loss of title to the property was "locked in place, leaving him with merely temporary title," subject to whoever ended up as the winning bidder. Although Neighbor has consented to rescission of the sale, nevertheless, even if it had received title to the Property, that would not have been a violation of the stay. "The act of recording the Trustee's Deed is excepted from the automatic stay by § 362(b)(3)." In re Stephens (Bankr. C.D. Cal. 2024) 661 B.R. 948, 954. Plainly, consenting to rescission of the sale, rather than finalization, is also not a violation of the stay.

Debtor argues that "accepting the TDUS and recording it are also violations of the stay by Good Neighbor Homes." First, as explained above, they are not violations of the stay under In re Stephens. Second, and more importantly, that did not happen. Neighbor never accepted and never recorded a TDUS. Plainly, there was no violation of the stay by Neighbor.

## **Conclusion**

Accordingly, Neighbor requests the Court deny Debtor's motion as the alleged actions violating the stay (accepting and recording the TDUS) never occurred.

Respectfully submitted,

DATED: June 26, 2025
WEDGEWOOD
OFFICE OF THE GENERAL COUNSEL

By: */s/ Elaine Soong*
    Elaine Soong
    Brandon Trout
Attorneys for Good Neighbor Homes, LLC