1  Kirsten Martinez, SBN 310674
   Bonial & Associates, P.C.
2  3160 Crow Canyon Place, Suite 215
   San Ramon, California 94583
3  Telephone: (213) 863-6010
   Fax: (213) 863-6065
4  Kirsten.Martinez@BonialPC.com

5

6  Attorney for Movant, NewRez LLC
   d/b/a Shellpoint Mortgage Servicing

7

8

## UNITED STATES BANKRUPTCY COURT

9

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

10

| | |
|---|---|
| In re: | Case No. 25-40564 |
| Melissa Marie Wilkerson, | Chapter 13 |
| | R.S. No.: KMM-342 |
| Debtor. / | MOTION FOR RELIEF FROM AUTOMATIC STAY RE: 1933 GRASS MOUNTAIN CRT, ANTIOCH, CALIFORNIA, 94531 [11 U.S.C. § 362(d)(1) and § 1301(a)] |
| | Hearing: Date: September 26, 2025 Time: 10:00 a.m. Place: Courtroom 215 1300 Clay Street Oakland, CA 94612 |

This is a core proceeding as defined by the United States Bankruptcy Code and this creditor consents to a final Order or Judgment by the above-entitled Court.

The above-entitled Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 157(a), et seq. and 28 U.S.C. § 1334, et seq.

PLEASE TAKE NOTICE that at the date, time, and location specified above, Movant, NewRez LLC d/b/a Shellpoint Mortgage Servicing, as serviced by NewRez LLC d/b/a Shellpoint Mortgage Servicing (hereinafter referred to as "Movant"), a secured creditor of Debtor(s), Melissa Marie Wilkerson, (hereinafter collectively referred to as "Debtor"), and non-filing Co-Debtors, Steven

Wilkerson & Lisa Wilkerson (hereinafter referred to as "non-filing Co-Debtor"), move this Court to vacate the automatic stay entered in this proceeding and to order Debtor and non-filing Co-Debtor to abandon the interest in and to the real property located at 1933 Grass Mountain Crt, Antioch, California, 94531 (hereinafter referred to as the "Property"), so that Movant's secured interest in and to the Property may be foreclosed upon or otherwise disposed of in any manner permitted by the laws of the State of California.

Debtor executed a note secured by a mortgage or deed of trust. The Note is either made payable to Movant, has been duly indorsed, or Movant, directly or through an agent, has possession of the Note and may enforce the Note as a transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. If the original promissory note is lost or destroyed, then Movant will seek to prove the promissory note using a lost note affidavit. True and correct copies of the Note and Deed of Trust are attached hereto as Exhibits A and B, respectively. A true and correct copy of the Assignment transferring the beneficial interest under the Deed of Trust to Movant is attached hereto as Exhibit C.

NewRez LLC dba Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this motion for Movant. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is endorsed in blank. Movant is the beneficiary or the assignee of the Deed of Trust.

This Motion is made on the grounds that the prevailing Note and Deed of Trust are in default in that Movant is without adequate protection because Debtor and non-filing Co-Debtor are delinquent in the payments to Movant and, therefore, Debtor and non-filing Co-Debtor have failed to provide

Movant with the adequate protection and/or compensation it is entitled to receive hereunder.

More specifically, this Motion is brought pursuant to 11 U.S.C. § 362(d)(1) and § 1301(a) for "cause" based upon Debtor's and non-filing Co-Debtor's failure to make the required Post-Petition payments. As set forth in In Re Ellis, 60, B.R. 432, failure to make required payments constitutes "cause" to vacate the pending automatic stay provisions. As of the date hereof, Debtor and non-filing Co-Debtor are past due for the following sums:

| Description | Amount Past Due |
| --- | --- |
| Unpaid monthly installment payments for May 1, 2025, through and including July 1, 2025 | $5,632.95 |
| Late Charges | $0.00 |
| Other Fees and Costs | $0.00 |
| Less Suspense Balance | $0.00 |
| **TOTAL PAST DUE as of July 14, 2025:** | **$5,632.95** |

A true and correct copy of the payment history evidencing the aforementioned default on Movant's account with Debtor and non-filing Co-Debtor are attached hereto as Exhibit D. Debtor and non-filing Co-Debtor will become due for the next monthly payment on August 1, 2025.

Also, Movant is being prejudiced by the operation of the pending automatic stay provision in that Movant is being prevented from exercising its contractual and State-law rights over the Property.

Accordingly, Movant cannot be assured of repayment of the outstanding balance due and owing to it by Debtor and non-filing Co-Debtor and, therefore, Movant lacks the adequate protection it is entitled to receive pursuant to the applicable provisions of 11 U.S.C. § 362 as detailed below.

//

//

//

Pursuant to Movant's records and Debtor's Schedules, which a true and correct copy of their relevant portions is attached hereto as Exhibit E, as of the date of the Debtor's filing of the above-captioned case, the Property is believed to have had the following liens against it:

| Description | Amount |
|---|---|
| First Deed of Trust Held by NewRez LLC d/b/a Shellpoint Mortgage Servicing | $156,201.27 |
| **TOTAL LIENS/ENCUMBRANCES** | **$156,201.27** |

Pursuant to Debtor's Schedules the Property has a fair market value of $779,900.00.

Based upon the foregoing, Movant will move the above-captioned Court to exercise its jurisdiction in this matter and grant Movant immediate relief from the pending automatic stay provisions which will allow Movant to foreclose upon its interest in and to the Property.

Movant will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Movant to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §§ 362, any and all notice required by State and/or Federal law, regulation or statute including Movant sending written notice to Debtor and non-filing Co-Debtor of the right to cure.

Movant will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Movant to take such actions, with respect to this Property, as are set forth under applicable non-bankruptcy law, including but not limited to, loan modification, short sale and other loss mitigation options.

Movant will further move the above-captioned Court to allow Movant to stop sending a Notice of Payment Change and/or Notice of Post-petition Fees, Expenses and Charges as required by FRBP 3002.1 upon entry of an Order granting this Motion for Relief from Automatic Stay.

//

Case: 25-40564    Doc# 67    Filed: 08/12/25    Entered: 08/12/25 13:26:34    Page 4 of 6

Also, Movant will move the Court to grant such other and further relief as the Court may deem just and proper.

Pursuant to *Federal Rules of Bankruptcy Procedure, Rule 4001(d)*, a true and correct copy of the [Proposed] Order setting forth Movant's request for relief is filed separately herewith as Exhibit F and is incorporated herein by reference.

This Motion is based on the Notice of Hearing, this Motion, and the Declaration of Isabella Mersman, the pleadings and papers on file in these proceedings and such further oral and documentary evidence as may be presented at the time of hearing on this matter.

WHEREFORE, Movants respectfully prays that this Court:

1.     Render an Order granting Movant relief from the pending automatic stay provisions, permitting Movant to move ahead with foreclosure proceedings under the parties' contractual agreement, including any and all action that becomes necessary to obtain possession of the Property;

2.     Terminate the pending automatic stay provisions to allow Movant to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §§ 362 and § 1301, any and all notice required by State and/or Federal law, regulation or statute including Movant sending written notice to Debtor and non-filing Co-Debtor of the right to cure;

3.     Terminate the pending automatic stay provisions to allow Movant to take such actions, with respect to the Property, as are set forth under applicable non-bankruptcy law, including but not limited to, loan modification, short sale and other loss mitigation options;

4.     Terminate the pending automatic stay provisions to allow Movant to stop sending a notice of payment change and/or notice of post-petition fees, expenses and charges as required by FRBP 3002.1 upon entry of an Order granting this Motion for Relief from Automatic Stay;

//

//

5.      Allow Movant to file or amend its claim to allow Movant to receive, or otherwise collect, any deficient amount that may exist after foreclosure of its interest in and to the Property;

6.      Waive the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3); and,

7.      Grant such other and further relief as the Court may deem just and proper.

Dated: August 12, 2025                                      Respectfully Submitted,

Bonial & Associates, P.C.

By:   /s/ Kirsten Martinez
Kirsten Martinez
Attorneys for Movant, NewRez LLC
d/b/a Shellpoint Mortgage Servicing

Case: 25-40564    Doc# 67    Filed: 08/12/25    Entered: 08/12/25 13:26:34    Page 6 of 6