| | |
|---|---|
|1<br>2<br>3<br>4<br>5<br>6| DANE W. EXNOWSKI, #281996<br>McCalla Raymer Leibert Pierce, LLP<br>301 E. Ocean Blvd., Suite 1720<br>Long Beach, CA 90802<br>Telephone: 562-661-5060<br>Fax: 562-983-5365<br>BK.CA@mcalla.com<br><br>Attorneys for NewRez LLC dba Shellpoint Mortgage Servicing |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| In re<br><br>**Melissa Marie Wilkerson,**<br>,<br>      Debtor. | Case No. **25-40564**<br><br>Chapter: **13**<br><br>**STATEMENT OF POSITION ON UNDISPUTED FACTS OR FACTS NOT REASONABLY SUBJECT TO DIPSUTE**<br><br><u>HEARING DATE</u>:<br>DATE: 10/03/2025<br>TIME: 11:00 AM<br>CTRM: 215 |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTOR, AND OTHER INTERESTED PARTIES:**

  NewRez LLC dba Shellpoint Mortgage Servicing ("SMS"), NBS Default Services ("NBS Default"), and Good Neighbor Homes, LLC ("GNH") jointly set forth their position as to what they believe to be the undisputed facts already on record, or the facts that are not reasonably subject to dispute based upon what is already on the record:

  1. The foreclosure auction described in the Notice of Trustee's Sale was conducted on April 1, 2025.

  2. The bid funds of GNH in the amount of $499,799.40 were accepted as the high bid at 9:14 a.m. on April 1, 2025. **[Debtor's Motion (docket 38), ¶¶ 2-3; p. 8-9; Exhibit B Trustee Certificate of Sale; NBS Default Opposition (docket 54), Exhibit A; NBS Default Declaration (docket 53), ¶ 6; SMS Declaration [56-1], ¶ 6].**

3. On April 11, 2025, bankruptcy counsel for the debtor provided written notice to NBS Default that the debtor's bankruptcy was filed at 9:19 a.m. **[Debtor's Motion (docket 38), Exhibit D].**

4. A notice of intent to bid pursuant to Civil Code section 2924m(c)(2) was timely received by NBS Default before the 15th day after April 1, 2025. **[Debtor's Motion (docket 38), Exhibit C].**

5. The bidding process required by Civil Code section 2924m(c)(4) remained open for 45 days from April 1, 2025 until May 16, 2025, at 5:00 pm.

6. No additional bids were received during the 45-day period.

7. On May 7, 2025 NBS Default sent an email to Debtor's counsel regarding its position that the sale was conducted at 9:14 am, prior to what it thought was the petition date and filing time. **[Debtor's Motion (docket 38), Exhibit E].**

8. On May 19, 2025, NBS Default confirmed that no other bid funds had been received and determined that GNH remained the high bidder.

9. On or about May 19, 2025, NBS Default notified GNH that it was still the high bidder and also let GNH know that Debtor filed the instant bankruptcy. **[Debtor's Reply, Doc 55 Ex J, May 19, 2025 email].**

10. On May 21, 2025, GNH informed NBS Default that it would agree to accept a return of its bid funds and cancel the foreclosure sale.

11. On May 22, 2025, the debtor filed and mailed a Motion for Damages for Violation of the Automatic Stay, alleging that her bankruptcy was filed at 9:06 a.m. on April 1, 2025.

12. Neither NBS Default nor SMS have any record of, or otherwise had any knowledge regarding, Debtor's position that the petition was filed at 9:06 am until review of the debtor's motion for sanctions on or about May 28, 2025. **[NBS Default Declarations (dockets 53, ¶ 11; and 54, ¶ 8; Exhibit C); SMS Declaration (docket 56-1) ¶ 8;** *not* **alleged otherwise in Debtor's Motion or Reply (docket 38 or 55), all evidence in Debtor's Motion or Reply show parties were all under impression bankruptcy was filed after 9:14 am;** *see e.g.* **Motion, docket 38, Exhibit E (NBS Default email to Debtor's counsel listing filing time of 9:36 am); Debtor's Reply, docket 55, Exhibit H (emails between GNH and NBS Default references petition filing time of 9:36 am)].**

/././

1 13. The foreclosure sale process was cancelled on May 30, 2025. **[NBS Default Declarations (dockets 53, ¶ 11; and 54, ¶¶ 9-10); SMS Declaration (docket 56-1) ¶ 7]. No evidence to the contrary in Motion or Reply of Debtor [- Debtor's Status Conference Statement [Doc 75], at 5:23 "the sale was not cancelled until May 30, 2025"- Debtor's Reply [Doc 60], Exhibit L, May 30 email].**

14. No trustee's deed upon sale was ever prepared or created at any time. **[NBS Default Declarations (dockets 53, ¶ 12; and 54, ¶ 11); SMS Declaration (docket 56-1) ¶ 7]. No evidence by Debtor in any of Debtor's own pleadings tending to show that this is not the case. Debtor appears to use language in Respondents' discovery responses, where Respondents give their position on the trustee's sale finality to somehow establish that there *may* have been a trustee's deed prepared, despite Respondent's clear and unequivocal testimony that no trustee's deed was ever prepared or created.**

15. No Trustee's Deed Upon Sale for the property was recorded in the Official Records of Contra Costa County after May 16, 2025. **[NBS Default Declarations (dockets 53, ¶ 12; and 54, ¶ 11); SMS Declaration (docket 56-1) ¶ 7]; not alleged otherwise in Debtor's Motion or Reply (dockets 38 or 55); Debtor's Status Conference Statement [Doc 75], at 5:17-18 – "It is undisputed that no TDUS was recorded in the county recorders' office…"].**

The above parties submit that: a) the above facts are either undisputed; or b) not reasonably subject to dispute based on the record and, notably, Debtor's own evidence. While Debtor may have a right to dispute the above, the above parties submit that should Debtor seek further discovery, briefing, evidence, or trial as to the above facts and Debtor loses on the issue(s), then Debtor should not be entitled to any attorney's fees incurred arising from such issues, in the event the Court is otherwise inclined to find a stay violation and award attorney's fees for Debtor.

[SIGNATURES ON THE FOLLOWING PAGE]

Respectfully Submitted,

McCalla Raymer Leibert Pierce, LLP

DATED: 10/01/2025            By: */s/ Dane W. Exnowski*
DANE W. EXNOWSKI
Attorneys for SMS

Wright, Finlay & Zak, LLP

DATED: 10/01/2025            By: */s/ Arnold L. Graff*
ARNOLD L. GRAFF
Attorneys for NBS Default Services

DATED: 10/01/2025            By: */s/ Brandon Trout*
BRANDON TROUT
Attorneys for Good Neighbor Homes, LLC

# PROOF OF SERVICE

I, Dane Exnowski, declare:

1. I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 E. Ocean Blvd, Ste 1720, Long Beach, CA 90802.

2. On 10/01/2025, I transmitted for service a true and correct copy of the following document described as:

- **STATEMENT OF POSITION ON UNDISPUTED FACTS OR FACTS NOT REASONABLY SUBJECT TO DIPSUTE**

**VIA ECF TO:**

**Andrew Christensen**
**andrew@californiahomelawyer.com**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 10/01/2025            By:    /s/ Dane Exnowski
                                                     Dane Exnowski