DANE W. EXNOWSKI, #281996
McCalla Raymer Leibert Pierce, LLP
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802
Telephone: 562-661-5060
Fax: 562-983-5365
BK.CA@mcalla.com

Attorneys for SMS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

In re

**Melissa Marie Wilkerson,**

Debtor.

Case No. **25-40564**

Chapter: **13**

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ON DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY**

<u>HEARING DATE</u>:
DATE:  11/07/2025
TIME:   11:00 AM
CTRM:  215

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTOR, AND OTHER INTERESTED PARTIES:**

NewRez LLC dba Shellpoint Mortgage Servicing ("SMS") hereby opposes the Debtor's Motion for Summary Judgment on Debtor's Motion for Damages for Violation of the Automatic Stay [docket 83] ("Motion"). SMS submits that based on Debtor's own evidence and argument presented by the Motion, the Court should award minimal damages or, at the very least, Debtor's attorney fees strictly up and prior to the original motion for sanctions filed on 5/22/2025 [docket 38] ("Original Motion") (exclusive of redundant, duplicative, and unreasonable fees).

///

///

///

///

## II.

## DISCUSSION

### A. THE DEBTOR SHOULD BE EQUITABLY ESTOPPED FROM ASSERTING DAMAGES FOR ATTORNEY FEES.

Ninth Circuit has "outlined the ordinary elements of estoppel as: (1) the party to be estopped must know the facts; (2) He must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) The latter must be ignorant of the true facts; and (4) He must rely on the former's conduct to his injury." *Fed. Trade Comm'n v. Directv, Inc.*, No. 15-CV-01129-HSG, 2015 WL 9268119, at *3 (N.D. Cal. Dec. 21, 2015) [citing *United States v. Ruby Co.,* 588 F.2d 697, 703 (9th Cir. 1978)].

Here, all factors apply: (1) assuming the 9:06 a.m. is factually true, the Debtor knew of the 9:06 a.m. filing time as a matter of logic, because 9:06 a.m. is when she alleges she filed the petition; there cannot be any reasonable argument otherwise; (2) the Debtor clearly intended that SMS act on her 4/11/2025 Demand Letter and the 9:19 a.m. filing time by demanding a rescission of the Foreclosure Sale based on the 9:19 a.m. filing time [**Motion, Letter to SMS,** *et al.***, Exhibit D; compare foreclosure sale time of 9:14 am: Motion, Trustee's Sale Certificate, Motion, Exhibit B**]; (3) SMS was ignorant of the 9:06 a.m. filing time; it would be impossible for SMS to know this fact unless Debtor specifically provided notice thereof, as the official notice of case filing shows a 9:19 a.m. filing time [as well as the petition time stamp of 9:36] **[*See* Motion,** *passim***, no evidence or dispute that Debtor told SMS of the 9:06 am and this was only revealed via the original motion]**; and (4) SMS relied on the 9:19 a.m. filing time to its injury because Debtor is now asserting the 9:06 a.m. time; and despite SMS cancelling the Foreclosure Sale immediately upon learning on the 9:06 a.m. time, SMS still has to defend against a stay violation motion where it is subject to tens of thousands of dollars in attorney fees despite to actual harm to Debtor.

The Debtor seeks to get around this by arguing that it was the Original Motion that induced SMS to rescind the sale and not the 9:06 am filing time allegation contained within the Motion. However, this is contrary to the actual course of conduct established by the Motion: **a)** Debtor sent a letter to SMS representing a filing time of 9:19 am [**Motion, Letter dated 4/11/2025 to SMS,** *et al.***, Exhibit D]; b)** response email dated 5/11/2025 sent to Debtor's counsel setting forth the 9:14 am sale time and that the

OPPOSITION 2
Case: 25-40564   Doc# 88   Filed: 10/24/25   Entered: 10/24/25 09:14:15   Page 2 of 7

sale *being prior to the filing of the petition* [**Motion, Exhibit E**]; and **c)** email dated 5/28/2025 from foreclosure trustee to SMS regarding cancellation of the sale because of Debtor's assertion that *the bankruptcy was actually filed at 9:06 am* [**Motion, Exhibit L**].

The Debtor just assumes for purposes seeking damages that the decision to rescind was due to the Original Motion itself and not the 9:06 am filing time[1]; however, that is not what the Motion's evidence shows: it shows that the decision to rescind was not due to the Original Motion, but specifically the 9:06 am filing time allegation. SMS submits that if the 9:06 a.m. filing time were not the cause of respondents' decision to cancel the foreclosure sale, then there would be no material reason to switch the filing time from 9:19 am to 9:06 am in the first place; the Debtor simply could have filed the Original Motion with the originally represented 9:19 am filing time and (based on Debtor's theory) respondents would have still cancelled the foreclosure sale due to the litigation.

SMS notes that it is Debtor's burden to prove by a preponderance of the evidence that respondents willfully violated the stay; specifically, the Debtor must prove that it is more likely than not that the foreclosure sale was rescinded due the filing of the Original Motion, as opposed to the newly asserted 9:06 am filing time therein. *See In Re Richardson*, No. BAP SC-18-1273-LBKU, 2019 WL 4928891, at *5 (B.A.P. 9th Cir. Oct. 4, 2019). As set forth above, the Debtor did not meet her burden as her own evidence shows that the foreclosure sale was rescinded *specifically due to the 9:06 am filing time*. The only thing that changed from before the Original Motion to after its filing was the change in filing time from 9:19 am to 9:06 am. Then, the foreclosure sale was promptly cancelled.

Based on the foregoing, Debtor should be estopped from asserting damages, at least the attorney's fees up to before the fees associated with the Original Motion, and exclusive of the fees associated with the 4/11/2025 Letter, as it represented a filing time that Debtor has changed her position on.

///

///

///

---

[1] SMS also notes that a bankruptcy petition's filing date and time is perhaps the most important factor in bankruptcy in determining parties' rights and obligations and the legal effect of the stay. Debtor's argument effectively is that it does not matter *when* the bankruptcy was filed, only that it was filed, which is not reasonable.

Case: 25-40564   Doc# 88   Filed: 10/24/25   Entered: 10/24/25 09:14:15   Page 3 of 7

**B. IN ANY EVENT, TO THE EXTENT THE MOTION'S EVIDENCE SUPPORTS A STAY VIOLATION, THE COURT SHOULD AWARD MINIMAL ATTORNEY FEES.**

Regarding damages for a stay violation, "most courts apply a reasonableness analysis[,]" which "requires that the injured party be awarded the entire amount of actual damages *reasonably incurred* as a result of a violation of the automatic stay. *In re Roman*, 283 B.R. 1, 11 (B.A.P. 9th Cir. 2002) (emphasis original) (citation omitted). However, "there is also a consensus in the case law that, in determining reasonable damages [for a stay violation], the bankruptcy court must examine whether the debtor could have mitigated the damages." *Id.* at 12. In determining the appropriate amount of attorneys' fees to award as a sanction, courts looks to two factors: "(1) what expenses or costs resulted from the violation and (2) what portion of those costs was reasonable, as opposed to costs that could have been mitigated." *Id.*

Finally, "[c]ourts especially scrutinize cases where the debtor's only injuries are those incurred in litigating the motion for sanctions, and where there exist no circumstances warranting punitive damages." *Id.* Further, regarding punitive damages, a debtor must prove egregious conduct and establish some showing of a reckless or callous disregard for the law or rights of others. *In re Koeberer*, 632 B.R. 680, 691 (B.A.P. 9th Cir. 2021) [citing *Stinson v. Cook Perkiss & Lew, APC (In re Stinson)*, 128 F. App'x 30, 31-32 (9th Cir. 2005)]. In fact, "no punitive damages should be awarded in the absence of actual damages ... [because] the automatic stay afforded by section 362 is intended to be a shield protecting debtors and their estates, and should not be used as a sword for their enrichment ... [and] [t]he incurrence of actual damage, a measurable event, serves as a basis for a determination of an appropriate punitive damage award. Where there is no actual damage, such measure does not exist") *Id.* [citing and quoting *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 168 (9th Cir. BAP 1995)].

As an initial matter, had the Debtor simply let respondents know that the filing time was 9:06 am before starting work on the Original Motion, the attorney fees for such motion would have been avoided. Again, Debtor argues that it was the Original Motion that caused the foreclosure sale cancellation and not the filing time of 9:06 am. However, this ignores the Debtor's *duty to mitigate damages*; even if Debtor felt it would have been futile or a lost cause to inform respondents of the 9:06 am filing time, the Debtor *still had a duty and obligation to do so* to afford opportunity for respondents to review such new

representation. The Debtor failed to do so and, thus, should not get attorney fees for the Original Motion.

It is without dispute that the foreclosure sale was very promptly cancelled after the filing of the Original Motion and that no trustee's deed was ever recorded (or prepared for that matter). Therefore, in the event the Court is inclined to award Debtor attorney fees, the fees should be limited to the reasonable work completed up until the foreclosure sale was cancelled on 5/30/2025, not including duplicate, unreasonable, or redundant work (*e.g.,* 6.5 hours on 5/19/25 to draft the Original Motion; 5.3 hours to draft the Original Motion to allegedly to address arguments of respondent's counsel, which is redundant); and not including the Original Motion, which could have been avoided, and the 4/11/2025 Letter.

Finally, SMS notes that Debtor has no 'actual damages' outside of attorney fees, which does not provide a basis for punitive damages. In any event, the Motion fails to establish any basis for punitive damages as there is no showing of reckless or callous behavior by SMS. *Cf. In re Roman*, *supra,* 283 B.R. at 13:

> Debtor and her attorney were not entirely blameless in this case, however. Debtor's counsel erroneously served the demand letter and draft complaint on the wrong party, and did not attempt to contact Appellant between July 13, 2001, when Debtor was served with the complaint, and August 28, 2001, when Debtor served the demand letter on Appellant. Instead of making an obviously excessive $5,000 demand, Debtor could have merely telephoned Appellant and attempted to negotiate a reasonable settlement. When Appellant offered a settlement of $500, Debtor could have responded with a more reasonable counter-offer, rather than demanding $2,000.

While the facts here are not exactly the same as *Roman*, the spirit is the same: here, Debtor's primary counsel sent an initial demand letter that had either the incorrect filing time (or what Debtor believed at the time to be the correct filing time), which effectively caused this whole dispute. Then, Debtor's secondary counsel filed the Original Motion without providing notice to respondents of the *materially relevant*, new alleged filing time of 9:06 am to give respondents a chance to reconsider the initial demand to cancel the foreclosure sale. Promptly thereafter, the foreclosure sale was cancelled and a large demand is made to 'resolve' the Original Motion, which could have been resolved by simply providing evidence of the 9:06 filing time before commencing work on the Original Motion.

Accordingly, in the event the Court is inclined to award reasonable attorney fees, it should be capped at reasonable fees up to foreclosure sale cancellation, and exclusive of redundant, duplicate, and

Case: 25-40564   Doc# 88   Filed: 10/24/25   Entered: 10/24/25 09:14:15   Page 5 of 7

unreasonable fees, and exclusive of Debtor's initial attorney fees related to the demand letter that contained incorrect filing time.

### IV.
### CONCLUSION

Based on the foregoing, SMS respectfully requests that any damage award be strictly limited as set forth above.

DATED: 10/24/2025                          Respectfully Submitted,

McCalla Raymer Leibert Pierce, LLP

By: */s/ Dane W. Exnowski*
DANE W. EXNOWSKI
Attorneys for SMS

# PROOF OF SERVICE

I, Dane Exnowski, declare:

1. I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 E. Ocean Blvd, Ste 1720, Long Beach, CA 90802.

2. On 10/24/2025, I transmitted for service a true and correct copy of the following document described as:

- OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**VIA ECF TO:**

**Andrew Christensen**
**andrew@californiahomelawyer.com**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 10/24/2025                                                        By: /s/ Dane Exnowski
                                                                                                                         Dane Exnowski