```
1  DANE W. EXNOWSKI, #281996
   McCalla Raymer Leibert Pierce, LLP
2  301 E. Ocean Blvd., Suite 1720
3  Long Beach, CA 90802
   Telephone: 562-661-5060
4  Fax: 562-983-5365
   BK.CA@mcalla.com
5
6  Attorneys for SMS
```

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br>**Melissa Marie Wilkerson,**<br><br>Debtor. | Case No. **25-40564**<br>Chapter: **13**<br><br>**RESPONSE TO SUPPLEMENTAL DECLARATIONS OF COUNSEL** |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTOR, AND OTHER INTERESTED PARTIES:**

NewRez LLC dba Shellpoint Mortgage Servicing ("SMS") hereby resonds to the Supplement Declarations of Counsel [dockets 98 and 99] ("Supplemental Declarations") filed in support of Debtor's Motion for Summary Judgment on Debtor's Motion for Damages for Violation of the Automatic Stay [docket 83] ("Motion").

**II.**

**RESPONSE – ANY ATTORNEY FEE AWARD SHOULD BE LIMITED TO THE REASONABLE ATTORNEY WORK COMPLETED PRIOR TO THE MOTION FOR SANCTIONS**

**1. Statement of the Law.** It is the Debtor's burden to prove by a preponderance of the evidence that respondents willfully violated the stay. *In Re Richardson*, No. BAP SC-18-1273-LBKU, 2019 WL

4928891, at *5 (B.A.P. 9th Cir. Oct. 4, 2019). SMS submits that this logically applies to the reasonableness of any attorney fees awarded due to a stay violation.

Regarding damages for a stay violation, "most courts apply a reasonableness analysis[,]" which "requires that the injured party be awarded the entire amount of actual damages *reasonably incurred* as a result of a violation of the automatic stay. *In re Roman*, 283 B.R. 1, 11 (B.A.P. 9th Cir. 2002) (emphasis original) (citation omitted). However, "there is also a consensus in the case law that, in determining reasonable damages [for a stay violation], the bankruptcy court must examine whether the debtor could have mitigated the damages." *Id.* at 12. In determining the appropriate amount of attorneys' fees to award as a sanction, courts looks to two factors: "(1) what expenses or costs resulted from the violation and (2) what portion of those costs was reasonable, as opposed to costs that could have been mitigated." *Id.*

**2. Application – the Debtor could have mitigated most if not all damages, including the Motion for Sanctions.** The Supplemental Declarations establish that: **(1)** no reasonable investigation was done to confirm the petition filing time prior to the preparation and filing of the Motion for Sanctions on 5/22/2025; and **(2)** that Debtor afforded no reasonable or meaningful opportunity for Respondents to review the Debtor's new *material* fact of the 9:06 am filing time once Debtor's counsel obtained knowledge of the 9:06 am filing time on 5/20/2025 (with the Motion for Sanctions being filed about 1 full business day later, on 5/22/2025).

**As to item 1**, the filing time *was at issue* since at least April 11, 2025 (the date of issuance of the Debtor's foreclosure sale cancellation demand letter, which set forth the 9:19 am filing time). In addition, the filing time was further at issue upon 5/07/2025 and 5/08/2025, the date of the emails between the foreclosure trustee and Debtor's counsel, which specifically discussed the petition date filing time (and which formulated the material basis regarding the decision as to whether to cancel the foreclosure sale or not). Yet, no investigation was ever conducted; it was only two weeks later on 5/20/2025 that Debtor's counsel first became aware of the 9:06 am filing time (and notably, without any explanation, background, or elaboration, as to how the information was obtained and why the investigation could not have been done earlier).

As a matter of logic, the Debtor must have known of the 9:06 am filing time since the 4/01/2025 petition date, as she herself filed the petition. However, despite the filing time being made at issue on

4/11/2025 and again on 5/07/2025 and 5/08/2025, no investigation was ever performed.  **In fact, the Motion for Sanctions was drafted on 5/15/2025** (6.5 hours) and **then again on 5/19/2025 (5.3 hours)** and apparently updated on 5/20/2025 (2.8 hours) after a call with Debtor (presumably when counsel inquired as to the actual filing time).

This failure to attempt to learn the actual filing time constitutes a failure to mitigate damages; it cannot be reasonably disputed that Respondents would have immediately cancelled the foreclosure sale upon notice of the 9:06 am filing time, which is exactly what Respondents did.  The Debtor's contention that Respondents only cancelled the sale due to threat of the Motion for Sanctions is not correct: *e.g.,* if Respondents thought their legal position was correct prior to the Motion for Sanctions (which was the case with the represented 9:19 am filing time), the filing of the Motion for Sanctions on those facts (using a 9:19 am filing time) would not magically cause then to cancel the sale, as they thought their position was correct; the only thing that changed upon the filing of the Motion for Sanctions was the petition filing time, of which prompted Respondents to immediately cancel).

**As to item 2**, the Debtor failed to afford any reasonable or meaningful opportunity to cancel the foreclosure sale prior drafting the Motion for Sanctions.  First, as noted above, the Motion for Sanctions was already drafted before 5/20/2025 when counsel learned of the 9:06 am filing time. Then, the Motion for Sanctions was filed on 5/22/25, leaving *one* full business day from the date of learning of the 9:06 am filing time to the filing of the Motion for Sanctions. Second, and more importantly, Respondents learned of the 9:06 am filing time not from counsel but from the Motion for Sanctions itself on or around 5/28/2025 (receipt of the Motion for Sanctions).  This afforded effectively *zero* opportunity review the updated, material filing time allegation before counsel filed, and even drafted, the Motion for Sanctions.

In other words, the Debtor (1) represented an incorrect petition filing time that made the foreclosure sale pre-petition; (2) drafted the Motion for Sanctions (twice) before investigating the actual filing time; (3) conducted the investigation of the actual filing time only after the Motion for Sanctions was drafted twice; and (4) did not inform Respondents of this new fact at any time, with Respondents learning of it via receipt of the Motion for Sanctions.

Rather, what would have been reasonable was to immediately investigate the actual petition filing time, as the foreclosure sale time and petition filing time were in very close proximity.  Then set forth the

correct filing time in the 4/11/2025 foreclosure cancellation letter. As that was not done, the next reasonable course would have been: as soon as the Debtor learned that respondents would not cancel the sale, an immediate investigation into the facts should have been conducted, revealing the filing time of 9:06 am. Then, before even starting on the motion for sanctions, inform respondents of the new time and afford them reasonable opportunity to review and decide whether to cancel (which they did based on the 9:06 am filing time). Then, if any only if Respondents still refused to cancel, should the motions for sanctions have been prepared. *Cf. In re Roman*, *supra,* 283 B.R. at 13:

> Debtor and her attorney were not entirely blameless in this case, however. Debtor's counsel erroneously served the demand letter and draft complaint on the wrong party, and did not attempt to contact Appellant between July 13, 2001, when Debtor was served with the complaint, and August 28, 2001, when Debtor served the demand letter on Appellant. Instead of making an obviously excessive $5,000 demand, Debtor could have merely telephoned Appellant and attempted to negotiate a reasonable settlement. When Appellant offered a settlement of $500, Debtor could have responded with a more reasonable counter-offer, rather than demanding $2,000.

.

While *Roman* it not exactly the same as the situation here, the point of *Roman* is that a debtor bears the consequences of errors made in the stay violation context and must act reasonably in attempting to resolve stay violations. Accordingly, in the event the Court is inclined to award reasonable attorney fees, the award should only include fees reasonably (non-excessive, redundant, or duplicative) incurred *prior to* the drafting of the Motion for Sanctions, as such work could have reasonably been avoided had there been a reasonable investigation into the actual facts of the case and presentment of the actual facts to Respondents prior to the two draft Motions for Sanctions.

## IV.
## CONCLUSION

Based on the foregoing, SMS respectfully requests that any damage award be strictly limited as set forth above.

DATED: 12/08/2025                     Respectfully Submitted,

                                      McCalla Raymer Leibert Pierce, LLP


                                      By: */s/ Dane W. Exnowski*
                                      DANE W. EXNOWSKI
                                      Attorneys for SMS

# PROOF OF SERVICE

I, Dane Exnowski, declare:

1. I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 E. Ocean Blvd, Ste 1720, Long Beach, CA 90802.

2. On 12/08/2025, I transmitted for service a true and correct copy of the following document described as:

- OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**VIA ECF TO:**

**Andrew Christensen**
**andrew@californiahomelawyer.com**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 12/08/2025            By:     /s/ Dane Exnowski
                                                                                               Dane Exnowski