WRIGHT, FINLAY & ZAK, LLP
ARNOLD L. GRAFF, ESQ., SBN 269170
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050
Facsimile: (949) 608-9142
agraff@wrightlegal.net

*Attorney for Respondent,* NBS DEFAULT SERVICES, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>MELISSA MARIE WILKERSON,<br><br>Debtor. | Case No.: 25-40564-CN<br>Chapter: 13<br><br>**NBS DEFAULT SERVICES, LLC'S RESPONSE TO SUPPLEMENTAL DECLARATIONS OF DEBTOR'S COUNSEL FILED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON DEBTOR'S MOTION FOR DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY** |

NBS Default Services, LLC ("NBS"), respectfully submits this response to the Supplemental Declarations of Debtor's Counsel [ECF #s 98 & 99], filed in support of Debtor's Motion for Summary Judgment on Debtor's Motion for Damages for Violation of Automatic Stay [ECF # 83] (the "Motion") in the above-listed chapter 13 bankruptcy (the "Bankruptcy").

1
RESPONSE TO DECLARATIONS OF COUNSEL
Case: 25-40564    Doc# 101    Filed: 12/08/25    Entered: 12/08/25 16:53:54    Page 1 of 7

**A. ATTORNEY'S FEES, IF AWARDED AT ALL, SHOULD BE LIMITED TO AT MOST THE REASONABLE ATTORNEY WORK COMPLETED PRIOR TO DEBTOR'S COUNSEL'S DISCOVERY OF THE ACTUAL FILING TIME**

Both attorneys for Debtor admit in their declarations that they were made aware of the 9:06 am filing time by May 20, 2025. While no explanation is provided as to why neither counsel discovered this critical fact until *nearly two months after the foreclosure sale*, this is two days before the Motion for Sanctions was filed. Thus for two full days, as the Motion for Sanctions was being prepared (and additional attorney's fees and costs were being incurred), Debtor's counsel admittedly knew of the earlier commencement of the bankruptcy, which would make the underlying sale null and void. Debtor's counsel also knew that NBS was not aware of the earlier filing time, due to prior written and verbal communications with NBS's counsel. In other words, Debtor's counsel knew that the sale was null and void based on the earlier bankruptcy filing time <u>*for at least two full days before the filing of the Motion for Damages*</u>, yet they never notified NBS of that critical fact. And this in light of Debtor's bankruptcy counsel previously representing to NBS that the actual filing time was 9:19 am – after the foreclosure sale was cried. Not only did Debtor's counsel never correct this misrepresentation, but they never notified NBS directly at all ---- until NBS received the Motion for Damages. The Motion for Damages was never emailed to NBS. It was sent by standard delivery mail service, was not delivered until Saturday, May 24, 2025 (during the Memorial Day weekend), and was not opened until May 27, 2025 (the day after the Memorial Day holiday), which was seven days after Debtor's counsel admittedly knew about the earlier filing date. [See ECF #s 54, Par. 8, Ex. C, 98 & 99].

Regarding damages for a stay violation, "most courts apply a reasonableness analysis[,]" which "requires that the injured party be awarded the entire amount of actual damages *reasonably incurred* as a result of a violation of the automatic stay. *In re Roman*, 283 B.R. 1, 11 (B.A.P. 9th Cir. 2002) (emphasis original) (citation omitted). However, "there is also a consensus in the case law that, in determining reasonable damages [for a stay violation], the

bankruptcy court must examine whether the debtor could have mitigated the damages." *Id.* at 12. In determining the appropriate amount of attorneys' fees to award as a sanction, courts looks to two factors: "(1) what expenses or costs resulted from the violation and (2) what portion of those costs was reasonable, as opposed to costs that could have been mitigated." *Id.*

Finally, "[c]ourts especially scrutinize cases where the debtor's only injuries are those incurred in litigating the motion for sanctions, and where there exist no circumstances warranting punitive damages." *Id.* Further, regarding punitive damages, a debtor must prove egregious conduct and establish some showing of a reckless or callous disregard for the law or rights of others. *In re Koeberer*, 632 B.R. 680, 691 (B.A.P. 9th Cir. 2021) [citing *Stinson v. Cook Perkiss & Lew, APC (In re Stinson)*, 128 F. App'x 30, 31-32 (9th Cir. 2005)]. In fact, "no punitive damages should be awarded in the absence of actual damages ... [because] the automatic stay afforded by section 362 is intended to be a shield protecting debtors and their estates, and **should not be used as a sword for their enrichment** ... [and] [t]he incurrence of actual damage, a measurable event, serves as a basis for a determination of an appropriate punitive damage award. Where there is no actual damage, such measure does not exist") *Id.* [citing and quoting *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 168 (9th Cir. BAP 1995)]. [Emphasis added.]

As an initial matter, had Debtor simply let NBS know that the filing time was at 9:06 am – that the sale was essentially null and void – before starting and/or completing any work on the Motion for Damages, the attorney's fees incurred for such Motion could have been completely avoided. Again, Debtor's counsel argues that it was the Motion for Damages itself that caused the foreclosure sale cancellation and not the filing time of 9:06 am. However, not only is this factually incorrect, it ignores Debtor's *duty to mitigate damages*. Debtor alone had knowledge of the new facts regarding the earlier filing time and *still had a duty and obligation* to afford the opportunity for NBS to review this new and important information before drafting or filing the Motion for Damages or the Moton for Summary Judgment. Debtor failed to do so and, thus, should not get attorney fees for the Motion for Sanctions or any of the fees incurred thereafter. It would make no sense for NBS to proceed with a foreclosure sale (and to incur its own

attorney's fees and costs) if it had known shortly after the sale that a bankruptcy petition was filed *before* the sale was cried, essentially making the sale null and void as a matter of law.

It is without dispute that the foreclosure sale was promptly cancelled after the filing of the Motion for Damages was filed, and this is because the Motion communicated **for the very first time the actual bankruptcy filing date**. No trustee's deed was ever recorded (or even prepared). Thus, in the event the Court is even inclined to award the Debtor any attorney's fees, the fees should be limited to the reasonable work completed up until May 20, 2025, the date when Debtor's counsel admittedly became aware of the actual filing time, which conflicted with the prior misrepresentation, yet failed to notify NBS of the same. Debtor's Motion for Damages seemingly alleges total fees and costs of $17,977.50, many of which were undoubtedly incurred after Debtor's counsel became aware of the actual filing date, yet the Declarations of counsel recently filed allege total fees and costs of $69,026.50. Thus, even if Debtor's counsel were really not aware of the actual filing time before May 20, 2025, the great majority of their total fees and costs were still incurred after they knew of the actual filing time (and did nothing).

Finally, NBS once again notes that Debtor has no 'actual damages' outside of attorney's fees, which does not provide a basis for punitive damages. Debtor has provided no evidence of any emotional or mental distress, or alleged any specific financial damages aside from attorney's fees and costs. Thus, the Motion fails to establish any basis for punitive damages, as there is no showing of reckless or callous behavior by Defendants. *Cf. In re Roman, supra,* 283 B.R. at 13:

Thus, in the event the Court is inclined to award any attorneys' fees to the Debtor, NBS requests that the award be capped at reasonable fees and costs up to the discovery of the earlier filing time (purportedly) on May 20, 2025, or the amount alleged in the initial Motion for Damages at most.

DATED: December 8, 2025           **WRIGHT, FINLAY & ZAK, LLP**

*/s/ Arnold L. Graff*
Arnold L. Graff, Esq.
Attorneys for Respondent.

**WRIGHT, FINLAY & ZAK, LLP**
Arnold L. Graff, Esq. (SBN 269170)
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050
Fax: (949) 608-9142
Email: agraff@wrightlegal.net
WFZ #252-20252612

Attorney for Respondent,
NBS DEFAULT SERVICES, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re: | BK Case No.: 25-40564-CN |
| | Chapter: 13 |
| MELISSA MARIE WILKERSON, | |
| Debtor. | **CERTIFICATE OF SERVICE** |

### CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.

On 12/9/2025, I served the foregoing document described as **(1) NBS DEFAULT SERVICES, LLC'S RESPONSE TO SUPPLEMENTAL DECLARATIONS OF DEBTOR'S COUNSEL FILED IN SUPPORT OF MOTION FOR SUMMARY**

Case: 25-40564   Doc# 101   Filed: 12/08/25   Entered: 12/08/25 16:53:54   Page 5 of 7
CERTIFICATE OF SERVICE

**JUDGMENT ON DEBTOR'S MOTION FOR DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY AND (2) CERTIFICATE OF SERVICE** on the interested parties in this action as follows:

[X]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Las Vegas, Nevada. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.  **See attached service list.**

[X]   (BY ELCTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.  **See attached service list.**

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on 12/8/2025, at Newport Beach, California.

*/s/ Jackie Powell*
JACKIE POWELL

CERTIFICATE OF SERVICE

**ADDITIONAL SERVICE INFORMATION**

<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONICA FILING ("NEF"):</u>
Martha G. Bronitsky   13trustee@oak13.com
Andrew Christensen   andrew@californiahomelawyer.com, R61919@notify.bestcase.com
Dane Wyatt Exnowski   dane.exnowski@mccalla.com, mccallaecf@ecf.courtdrive.com
Arnold L. Graff   agraff@wrightlegal.net, jpowell@wrightlegal.net
Office of the U.S. Trustee/Oak   USTPRegion17.OA.ECF@usdoj.gov
Elaine Soong   esoong@wedgewood-inc.com, aguisinger@wedgewood-inc.com
E. Vincent Wood   general@shepwoodlaw.com, Wood.E.V.B@notify.bestcase.com

<u>TO BE SERVED BY UNITED STATES MAIL:</u>

DEBTOR:
Melissa Marie Wilkerson
1933 Grass Mountain Ct
Antioch, CA 94531

DEBTOR'S COUNSEL:
Andrew Christensen
Law Office of Andrew J. Christensen, P.C.
2063 Mountain Blvd., Suite 2
Oakland, CA 94611

DEBTOR'S CO-COUNSEL:
E. Vincent Wood
Shepherd & Wood LLP
2950 Buskirk Ave., Ste 300
Walnut Creek, CA 94597

CHAPTER 13 TRUSTEE:
Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540

U.S. TRUSTEE:
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102

INTERESTED PARTY:
Good Neighbor Homes, LLC
Wedgewood Office of the General Counsel
2015 Manhattan Beach Blvd., Ste. 100
Redondo Beach, CA 90278