**Entered on Docket**
**July 1, 2026**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: July 1, 2026**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MELISSA MARIE WILKERSON,<br><br>Debtor. | ) Bankruptcy Case<br>) No. 25-40564-DM<br>)<br>) Chapter 13<br>)<br>) Date: September 2, 2026<br>) Time: 10:00 AM<br>) Place: In-Person Trial<br>) Courtroom 17<br>) 450 Golden Gate Avenue<br>) 16th Floor<br>) San Francisco, CA<br>) |

**SCHEDULING ORDER FOR:**

[ ] TRIAL IN ADVERSARY PROCEEDING

[ ] FINAL HEARING ON MOTION FOR RELIEF FROM STAY

[ ] TRIAL ON OBJECTIONS TO CLAIM

[ ] HEARING ON OBJECTIONS TO CONFIRMATION OF CHAPTER __ PLAN

[X] OTHER: Evidentiary hearing on Motion for Damages for Creditor Misconduct.

[ ] A Scheduling Conference in this adversary proceeding

[ ] A preliminary hearing on this motion for relief from stay

[ ] A hearing regarding objections to claim

[ ] A prehearing conference regarding objections to confirmation of plan

[X] Other: A continued hearing on the Motion for Damages for Creditor Misconduct (Dkt. 38) ________________________________

was held on June 11, 2026. ________________________________

Appearances were as follows:

[ ] For plaintiff: ________________________________________

[ ] For defendant: ________________________________________

[X] For Debtor: Melissa Marie Wilkerson ("Debtor"), Andrew Christensen, Esq. and E. Vincent Wood, Esq.;

[ ] For Moving Party: ________________________________________;

[ ] For Trustee: ________________________________________;

[X] For Creditor: Good Neighbor Homes, LLC ("Creditor"), Brandon Trout, Esq.;

[ ] For United States Trustee: ______________________________;

[ ] Other(s): ____________________________________________

____________________________________________.

Upon due consideration, the court hereby enters the following scheduling order.

**TRIAL**. The trial or hearing ("Trial") on the above matter will commence on the Date and Time of Trial, set forth below, at the United States Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, Courtroom 17, San Francisco, CA 94102. The Time Reserved for Trial is also shown below. During the week prior to the Trial, the court may move the starting time or day. The court's Calendar Clerk/Courtroom Deputy will advise the parties of any such change by telephone or e-mail. **All parties are cautioned to be prepared to adjust their schedules accordingly.**

**MOTIONS**. Dispositive motions must be heard no later than **30** calendar days before the Date and Time of Trial.

**DISCOVERY**. Discovery shall be completed by the Discovery Deadline shown below. Completion means that depositions must be concluded, although not necessarily transcribed. As to written and production discovery, responses must be due before the Discovery Deadline. The court will attempt to resolve all discovery disputes on an expedited basis via telephonic conference, which any party may initiate by request to the court's Calendar Clerk/Courtroom Deputy (Ms. Lorena Parada, Courtroom Deputy/Calendar Clerk, at 415-268-2323 or Lorena_Parada@canb.uscourts.gov) and notice to the other party after they have met and conferred and made a good faith effort to resolve the dispute. The party requesting the conference should submit a brief letter or e-mail to Ms. Parada explaining the issues to be presented; the other party may submit a brief letter or e-mail in the same manner.

The Discovery Deadline may be extended by the parties by agreement, without an order of the court.

**EVIDENCE**. On motions for relief from stay, testimonial evidence at the Trial must be presented by written declaration(s) or deposition excerpt(s), unless the court by order allows oral testimony. B.L.R. 4001-1(e). Any motion for permission to introduce any oral testimony (including by cross-examination of the other party's declarant(s) or deponent(s)) shall be filed and served (and chambers copies unless requested) no later than **14** calendar days before the Date and Time of Trial and shall include the names of the witnesses, the subject of

their expected testimony, and, where applicable, a statement of the reasons why the testimony cannot properly be introduced by declaration(s) or deposition excerpt(s). Any opposition shall be filed and served (and chambers copies unless requested) no later than **10** calendar days before the Date and Time of Trial. The court will rule on the motion without a hearing. No such motion is required for cross-examination or redirect examination of expert witnesses.

On matters other than motions for relief from stay, declarations of non-expert witnesses will not be considered except by stipulation of the parties or prior court approval.

**PRE-TRIAL SUBMISSIONS**. Not later than **7** calendar days before the Date and Time of Trial, each party shall:

(a) File, serve and provide chambers copies of a trial brief, which shall include a summary of the facts to be proven and the legal theories on which the party relies. Briefs shall not exceed **15** pages without prior permission of the court. The court will not normally request or permit post-trial briefs.

(b) On matters other than motions for relief from stay, file and serve (but do not provide chambers copies) a witness list, including a brief summary of the anticipated testimony from each witness. If a party to the matter will be called as a witness (even as an adverse witness) that party's name must be included on the witness list. The presence of a witness' name on the witness list is to alert the court and the other side that the witness may be called. It does not mean that that person will be called. Accordingly, each party is responsible for ensuring the attendance of every witness the party intends

to call, whether or not named by the other side. Except in exceptional circumstances, absent consent by the other side, a party will not be allowed to call a witness not named on that party's witness list. This subparagraph shall not apply to expert witnesses or their testimony.

(c) On motions for relief from stay, file and serve (and chambers copies unless requested) (i) a notice identifying any declaration(s), deposition excerpt(s) or memoranda previously filed in connection with the preliminary hearing and (ii) any additional declarations the party wishes the court to consider.

(d) File and serve (but do not provide chambers copies) a list of exhibits (other than those to be used for impeachment or rebuttal) and exchange, but not file, copies of all exhibits the party intends to introduce into evidence. Any paper(s) in the court's file of which a party intends the court to take judicial notice, or other facts that are proper for judicial notice under Fed. R. Evid. 201, must be reproduced and included as an exhibit(s). Copies of the declarations filed and served in accordance with this order shall be marked as exhibits in the manner described herein. All exhibits are to be pre-marked for identification.

Debtor's exhibits should be marked by number. Creditor's exhibits should be marked by letter.

All parties shall submit exhibits electronically. If a party has **10** or fewer exhibits, they can be emailed to Montali_Orders@canb.uscourts.gov. Otherwise, the party should send a thumb drive containing the exhibits and a list of those exhibits to the Courtroom Deputy and any opposing counsel at

least **7** calendar days before Trial. The electronic files should be separately titled pdf files, identifying each exhibit by exhibit number or letter and a brief description. Each page of any exhibit that has more than one page is to be numbered consecutively or bates-stamped. Lengthy exhibits should be bookmarked in order to allow counsel, witness and the court to readily access the relevant portion(s) of the exhibit.

**The parties shall bring copies of any exhibits they intend to use for questioning any witnesses at Trial and for the court.**

**EXPERTS**. The presentation of expert testimony at Trial shall be governed by the following:

(a) Direct evidence shall be presented by a declaration that authenticates the report of the expert. See FRCP 26(a)(2)(B), incorporated via Fed. R. Bankr. P. 7026. Each party shall file and serve declarations of experts and other documentary evidence related thereto no later than **30** calendar days prior to the Discovery Deadline; provided, however, on motions for relief from stay, such declarations shall be filed and served no later than **14** calendar days prior to the Date and Time of Trial.

(b) To cross-examine an opposing party's expert declarant, a party shall notify the opposing party in writing or by e-mail at least **3 court** days before the Date and Time of Trial, in which case the declarant will be required to attend the Trial. Any party who fails to notify the opposing party will not be permitted to cross-examine the opposing party's expert. Any party who requests the right to cross-examine an expert and then does not do so will be expected to reimburse the opposing party

no less than the expenses incurred in producing the expert at the Trial.

If either party anticipates the use of rebuttal expert testimony, counsel should meet and confer regarding the timing of disclosure of such expert, the submission of the expert's report and discovery regarding such expert. If the parties do not reach agreement, the matter should be brought before the court in the same manner as discovery disputes as provided in this order.

**PRE-TRIAL OBJECTIONS**. Promptly after receipt of the items mentioned in **PRE-TRIAL SUBMISSIONS**, above, each party must advise the opposing party of any objections to the introduction of testimony or exhibits. Parties must meet and confer before Trial to attempt to reach agreement regarding admissibility. The court expects the parties to make good faith efforts to resolve all evidentiary issues.

**MOTIONS IN LIMINE**. If efforts to resolve disputes regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than **4 court** days before the Date and Time of Trial. Such motions should include a certification that the moving party has complied in good faith with the meet and confer requirements of the preceding paragraph. Opposition should be filed and served no later than **1 court** day before the Date and Time of Trial.

Motions in limine will be heard at the commencement of Trial.

Notwithstanding the foregoing, if a party intends by a motion in limine to exclude an expert or the expert's report,

that party should set the motion on the court's regular law and motion calendar, to be heard at least **7** calendar days before the Date and Time of Trial.

**STIPULATIONS**. At the commencement of Trial, the parties must be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose. Bona-fide objections may be reserved, with the issue of admissibility deferred until the exhibit is offered into evidence.

**ORDER OF PRESENTATION AT TRIAL**. Unless otherwise agreed by the parties or ordered by the court, plaintiffs in adversary proceedings, moving parties on motions for relief from stay, and claimants on objections to claims will present their cases-in-chief first. On objections to confirmation of plans, debtors or other plan proponents will present their cases-in-chief first.

**IMPEACHMENT AND REBUTTAL WITNESSES**. The requirement of advance identification of witnesses and production of exhibits does not apply to witnesses and exhibits presented for purposes of impeachment or rebuttal.[1] This paragraph supersedes the expert disclosure procedure of FRCP 26(a)(2)(D)(ii), incorporated via Fed. R. Bankr. P. 7026.

**DEMONSTRATIVE EVIDENCE**. The court does not want charts, power point presentations, whiteboards, or similar large display

---

[1] The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party. Testimony offered only as additional support to an argument made in a case in chief is improper on rebuttal. Peals v Terre Haute Police Dept., 535 F.3d 621, 630 (7th Cir. 2008); see also Daly v. Far Eastern Shipping Co., 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), aff'd 108 Fed. Appx. 476 (9th Cir. 2004).

items to be used during trial. Parties desiring to summarize, reproduce or display evidence should use normal 8-1/2" x 11" sheets of paper to be provided to the court, witnesses and opposing counsel. Any exceptions to this policy should be requested well in advance of trial.

**NOTICE TO COURT**. No later than the Monday of the week prior to the Date and Time of Trial, counsel for: Plaintiff (in an adversary proceeding); Moving Party (on a motion for relief from stay); and the Debtor or Trustee (on objections to claim or objection to plan confirmation) **must** telephone or e-mail the court's Calendar Clerk/Courtroom Deputy, Ms. Lorena Parada (415-268-2323; Lorena_Parada@canb.uscourts.gov) and report: whether the parties intend to go forward with the Trial as scheduled; if settlement is likely; whether the time reserved for the Trial is realistic; and any other relevant information.

**NON-COMPLIANCE**. Any failure of a party to comply timely with this scheduling order may result in judgment against such party, removal of the Trial from calendar, exclusion of evidence or imposition of monetary or non-monetary sanctions. See FRCP 16(f)(1)(C), incorporated via Fed. R. Bankr. P. 7016.

**DATE AND TIME OF TRIAL**: September 2, 2026, at 10:00 AM

**TIME RESERVED FOR TRIAL**: One-half day

**DISCOVERY DEADLINE**: August 7, 2026

**OTHER PROVISIONS**:

In the event of unforeseen change in circumstances, the court may switch to remote trial procedures. The court's Calendar Clerk/Courtroom Deputy will advise the parties of any

such change by e-mail and provide the details for participating in a remote trial.

**END OF ORDER**

## COURT SERVICE LIST

ECF Recipients



Case: 25-40564 Doc# 154 Filed: 07/01/26 Entered: 07/01/26 15:30:44 Page 11 of 11